Holl v. Ballard, No. 260-6-03 Wrcv (Teachout, J., Nov. 10, 2003)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**WINDSOR COUNTY, SS.**

GERTRUD HOLL, Plaintiff/Appellant        )
                                          )         Windsor Superior Court
        v.                                  )         Docket No. 260-6-03 Wrcv
                                          )
SUSAN BALLARD, Defendant/Appellee     )

**Decision on Appeal from Small Claims Court**

This is an appeal from a dismissal of the case by the Small Claims Court dated May 12, 2003, following an evidentiary hearing held on March 13, 2003, in Docket #562-11-02 Wrsc. The Court has reviewed the Appellant's Statement of Legal Question filed June 4, 2003, reviewed the Appellant's Memorandum of Law filed on July 7, 2003, and listened to the tape of the hearing below. Oral argument was held on September 5, 2003, at which time Appellant presented oral argument through her attorney, Stephen S. Ankuda, Esq. Appellee Susan Ballard did not attend the oral argument.

It is not the function of the Superior Court judge to substitute her own judgment for that of the Small Claims Court trial judge on factual issues. Rather, the role of the Superior Court judge on appeal is to determine whether the findings on factual matters are supported by the evidence at the hearing, and whether or not the trial judge correctly applied the law.

In this case the trial judge made written Findings of Fact, and the record shows that the evidence presented at the hearing, which was undisputed, supports the court's Findings of Fact. There is one additional fact that is implicit in the court's findings, although it may be helpful to state it explicitly. It is undisputed that when Susan Ballard moved out of the apartment, she gave her key to Joanne Greene, based on Joanne Greene's statement that she (Greene) had arranged with the landlord to rent the apartment. Susan Ballard did not speak to Gertrud Holl directly to tell her herself that she (Ballard) had left the apartment, or that she had turned the key over to Joanne Greene.

1

The basis of the court's decision on the law was that Ballard had acted in good faith. Appellant argues that good faith, while present, is not the appropriate factor upon which the decision should be based. Appellant correctly argues that a tenant who wishes to end a landlord-tenant relationship must terminate the tenancy and surrender possession to the landlord according to the requirements of law. Generally this process requires advance notice to the landlord or a mutual agreement. Under the Residential Rental Agreements Act, a tenant may terminate a tenancy by actual notice given to the landlord at least one rental payment period prior to the termination date specified in the notice. 9 V.S.A. § 4456(d). "Actual notice" means written notice under 9 V.S.A. § 4451(1). The landlord-tenant relationship may also be terminated at any time by the tenant's surrender of possession, coupled with the landlord's acceptance. Abbadessa v. Tegu, 120 Vt. 352 (1958). The landlord's assent may be either express or implied, but it must be clearly inferable from the actions of the parties.

In this case, there are no findings that Ballard gave Holl advance notice of a specific termination date, or that Holl agreed to an early surrender of the premises. Instead, Ballard gave her key to Greene, based on her understanding from Greene that she (Greene) had arranged to rent the apartment from Holl. (Finding 11). The record does not show that Ballard delivered her keys to Holl or otherwise notified Holl that she (Ballard) intended to surrender possession.

While Ballard gave Holl a general advance notice that she planned to move out in the month of August, she never specified the date on which she was returning possession to Holl or transferring it to Greene, either before or after she left. Without such notice, Holl had no knowledge that Ballard had given up possession, or that Ballard had attempted to transfer possession to Greene. If possession was never returned to the landlord by any means, or transferred to a third party with the assent of the landlord, the tenant retained responsibility for the condition of the premises.

The tenant's responsibility is set forth in the Residential Rental Agreements Act, 9 V.S.A. § 4456(c), which states:

> The tenant shall not deliberately or negligently destroy, deface, damage or remove any part of the premises or its fixtures, mechanical systems or furnishings or deliberately or negligently permit any person to do so.

Even though Ballard acted in good faith, her good faith is not sufficient to eliminate her continuing legal obligation for the condition of the premises until such time as she either surrendered possession of the apartment to the landlord through return of the key or gave sufficient notice of a specific date for the return of possession. Either of those acts could have terminated her responsibility for the condition of the premises under the circumstances, but neither was accomplished. Therefore, Ballard had continuing responsibility for the condition of the apartment during the period Greene damaged it, and Plaintiff has a valid claim for recovery of damages against Ballard.

While the judge correctly noted that Plaintiff probably had a basis for a claim against

2

Joanne Greene, it is not automatically the case that because a claim might be pursued against Greene, none can be pursued against Ballard. The issue for the court was whether, based on the facts as determined by the court, there is a legal basis for liability on the part of Susan Ballard. Because there is such a basis, for the reasons set forth above, the case will be returned to the Small Claims court to determine the amount of the judgment.

## Order

For the foregoing reasons, the decision is *reversed* and the case is *remanded* to the Small Claims Court for determination of judgment consistent with this opinion. It shall be within the discretion of the judge to determine whether further hearing is necessary.

Date at Woodstock, Vermont this ____ day of November, 2003.

Hon. Mary Miles Teachout
Presiding Superior Court Judge